UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT D. COSGROVE,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>    Defendant.<br>_____/ | No. C 11-3419 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Scott D. Cosgrove, an inmate at the Santa Clara County Jail's Elmwood facility, filed a *pro se* civil action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Cosgrove alleges the following about his unmet medical needs at the Santa Clara County Jail's Elmwood facility since his arrival at the jail on March 19, 2011. Cosgrove suffers from extreme claustrophobia that causes, among other things, panic attacks. "Without medication, [he is] unable to safely be housed in a lock down 2 man cell." Docket # 1 (Complaint), p. 5. Upon his arrival at the jail, he was transferred from a dorm setting to a lock-down cell. *Id.* Jail officials knew of his condition and denied him medication or a transfer to an open dorm, despite his repeated requests. On March 26, 2011, Cosgrove informed a jail

official that he "couldn't breathe and was extreemely [sic] dizzy." *Id.* The official told Cosgrove to "lock it down and tell the nurse later." *Id.* Cosgrove then walked up the stairs, at which point he passed out and fell down the steps. He was taken to Santa Clara Valley Medical Hospital for treatment. Since his fall, Cosgrove has suffered from chronic pain in his right shoulder and a doctor has diagnosed him with a torn rotator cuff. Cosgrove has repeatedly requested medical treatment for his shoulder and chronic pain, to no avail. He was scheduled for an MRI appointment three times, but each appointment was canceled. The doctor refuses to see or treat him until the MRI is done. Cosgrove also has developed an abscess on his neck for which he needs treatment. Cosgrove also claims that the "mental health" department refuses to give him his prescribed medication. Docket # 1, p. 6.

In an August 2011 filing, Cosgrove submitted evidence that the MRI of his shoulder was done on August 5, 2011, and that the doctor had prescribed Vicodin and three other medications for him. Docket # 4.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to serious medical needs violates the Eighth Amendment's

proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[1] A serious medical need exists when failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* Mental health needs are among the medical needs encompassed by the Eighth Amendment. See *Doty v. County of Lassen*, 37 F.3d 540, 546 (9thCir. 1994); see also *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements). However, negligence or medical malpractice does not constitute deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

Liberally construed, Cosgrove has stated cognizable claims for deliberate indifference to his serious medical needs. However, he has not adequately linked any defendant to his claims. Leave to amend will be granted so that he can attempt to cure this deficiency.

The named defendant is a municipal entity - the Santa Clara County Department of Corrections – but the body of the complaint does not allege any basis for municipal liability. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights,

---

[1] It is unclear from the complaint whether Cosgrove was a pretrial detainee or a convict at the relevant times. His status affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

3

a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Cosgrove is cautioned that there is no *respondeat superior* liability under § 1983, i.e. no liability just because an entity employs a person who has violated his rights. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.

Cosgrove has not named as defendants any of the individual officers or health care providers who allegedly violated his rights. If he wants to sue the individual officers or health care providers who allegedly were deliberately indifferent to his serious medical needs, he must identify each such person by name and explain what he/she did that caused a violation of Cosgrove's constitutional rights. *See Leer v. Murphy, 844 F.2d 628*, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **November 18, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: October 24, 2011

SUSAN ILLSTON
United States District Judge

4